# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | |
|---|---|
| ANSWERS IN GENESIS, INC., et al,<br><br>Plaintiffs,<br><br>-VS-<br><br>BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC,<br><br>Defendant. | CASE NO. 2:22-cv-0080<br><br>Judge David L. Bunning<br>Magistrate Judge Candace J. Smith<br><br>**ANSWER ON BEHALF OF DEFENDANT BROTHERHOOD MUTUAL INSURANCE SERVICES, LLC** |

Now comes Defendant, Brotherhood Mutual Insurance Services, LLC ("BMIS") by and through counsel, and for its Answer in response to the Complaint filed on behalf of Plaintiffs Answers in Genesis, Inc. ("AIG") and Crosswater Canyon, Inc. ("Crosswater"), states as follows:

### FIRST AFFIRMATIVE DEFENSE

1. BMIS asserts that the section of the Complaint entitled "Introduction," consisting of two full, unnumbered, narrative paragraphs is improper in form, does not contain factual allegations but instead consists only of legal arguments and legal conclusions, and therefore does not require a response from BMIS. Alternatively, if some response is deemed to be required, BMIS denies any allegations contained in the section of the Complaint entitled "Introduction".

2. BMIS denies for lack of knowledge the allegations contained in paragraphs 1 and 2 of the Complaint.

3. BMIS denies the allegations contained in paragraph 3 of the Complaint.

4. BMIS denies the allegations contained in paragraph 4 of the Complaint.

5. BMIS denies the allegations contained in paragraph 5 of the Complaint.

6. BMIS states that paragraph 6 of the Complaint does not require a response by BMIS, but agrees that the AIG Policy and the Crosswater Policy are and will be collectively referred to as the "Insurance Policies."

7. BMIS denies for lack of knowledge the allegations contained in paragraphs 7 and 8 of the Complaint.

8. Paragraph 9 of the Complaint contains a legal conclusion for which no response is required of BMIS.

9. BMIS denies for lack of knowledge the allegations contained in paragraph 10 of the Complaint.

10. BMIS states that paragraph 11 of the Complaint calls for a legal conclusion to which no response is required; alternatively, BMIS denies for lack of knowledge the allegations contained in paragraph 11 of the Complaint.

11. BMIS denies for lack of knowledge the allegations contained in paragraphs 12 through 18, inclusive.

12. BMIS denies for lack of knowledge the allegations contained in paragraphs 19 through 26, inclusive.

13. BMIS admits that beginning in March, 2020, most states in the United States issued orders either shutting down or restricting, to various degrees, the ability of certain businesses to operate as they had before the pandemic. BMIS denies any allegations contained in paragraph 27 of the Complaint which are not specifically admitted herein.

14. BMIS denies for lack of knowledge the allegations contained in paragraph 28 of the Complaint.

15. BMIS admits that the Executive Orders issued in the state of Kentucky speak for themselves, and denies any allegations in paragraphs 29 and 30 which are inconsistent with or contrary to Executive Orders referenced therein.  BMIS denies any allegations contained in paragraphs 29 and 30 of the Complaint which are not specifically admitted herein.

16. BMIS denies for lack of knowledge the allegations contained in paragraph 31 through 34, inclusive, of the Complaint.

17. BMIS denies the allegations contained in paragraphs 35 through 38, inclusive, of the Complaint.

18. In response to paragraph 39 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

19. BMIS denies the allegations contained in paragraph 40 of the Complaint.

20. BMIS denies for lack of knowledge the allegations contained in paragraphs 41 through 43, inclusive, of the Complaint.

21. BMIS denies the allegations contained in paragraph 44 of the Complaint.

22. BMIS denies it breached any contract with AIG, denies that it had any contract with AIG, and further denies for lack of knowledge the additional allegations contained in paragraph 45 of the Complaint.

23. In response to paragraph 46 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

24. BMIS denies the allegations contained in paragraph 47 of the Complaint.

25. BMIS denies for lack of knowledge the allegations contained in paragraphs 48 through 50, inclusive, of the Complaint.

26. BMIS denies the allegations contained in paragraph 51 of the Complaint.

27. BMIS denies it breached any contract with Crosswater, denies that it had any contract with BMIS, and further denies for lack of knowledge the additional allegations contained in paragraph 52 of the Complaint.

28. In response to paragraph 53 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

29. BMIS denies for lack of knowledge the allegations contained in paragraph 54 through 56, inclusive, of the Complaint.

30. In response to paragraph 57 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

31. BMIS denies for lack of knowledge the allegations contained in paragraph 58 through 60, inclusive, of the Complaint.

32. In response to paragraph 61 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

33. BMIS denies the allegations contained in paragraphs 62 and 63 of the Complaint.

34. BMIS denies for lack of knowledge the allegations contained in paragraphs 64 and 65 of the Complaint.

35. BMIS denies the allegations in paragraph 66 of the Complaint.

36. BMIS denies that it has any coverage position as it did not issue the Insurance Policies at issue herein, and BMIS further denies for lack of knowledge any additional allegations contained in paragraph 67 of the Complaint which are not specifically admitted herein.

37. BMIS denies the allegations contained in paragraph 68 of the Complaint.

38. BMIS denies it has had any interactions with either Plaintiff, denies any bad faith, and denies for lack of knowledge the additional allegations contained in paragraphs 69 of the Complaint.

39. BMIS denies the allegations contained in paragraph 70 of the Complaint.

40. In response to paragraph 71 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

41. BMIS denies the allegations contained in paragraphs 72 and 73 of the Complaint.

42. BMIS denies for lack of knowledge the allegations contained in paragraphs 73 through 75, inclusive, of the Complaint.

43. BMIS denies the allegations contained in paragraph 76 of the Complaint.

44. BMIS denies that it has any coverage position as it did not issue the Insurance Policies at issue herein, and BMIS further denies for lack of knowledge any additional allegations contained in paragraph 77 of the Complaint which are not specifically admitted herein.

45. BMIS denies the allegations contained in paragraph 78 of the Complaint.

46. BMIS denies it has had any interactions with either Plaintiff, denies any bad faith, and denies for lack of knowledge the additional allegations contained in paragraphs 79 of the Complaint.

47. BMIS denies the allegations contained in paragraph 80 of the Complaint.

48. In response to paragraph 81 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

49. BMIS denies the allegations contained in paragraph 82 of the Complaint.

50. BMIS denies any violations of the Kentucky Consumer Protection Act and further denies for lack of knowledge the additional allegations contained in paragraph 83 of the Complaint.

51. BMIS denies the allegations contained in paragraphs 84 and 85 of the Complaint.

52. In response to paragraph 86 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

53. BMIS denies the allegations contained in paragraph 87 of the Complaint.

54. BMIS denies any violations of the Kentucky Consumer Protection Act and further denies for lack of knowledge the additional allegations contained in paragraph 88 of the Complaint.

55. BMIS denies the allegations contained in paragraphs 89 and 90 of the Complaint.

56. In response to paragraph 91 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

57. BMIS denies the allegations contained in paragraph 92 of the Complaint.

58. BMIS denies any violations of the Kentucky Unfair Claims Settlement Practices Act, and further denies for lack of knowledge the additional allegations contained in paragraph 93 of the Complaint.

59. BMIS denies the allegations contained in paragraphs 94 and 95 of the Complaint.

60. In response to paragraph 96 of the Complaint, BMIS adopts the above admissions, denials, averments, and affirmative defenses as if fully restated herein.

61. BMIS denies the allegations contained in paragraph 97 of the Complaint.

62. BMIS denies any violations of the Kentucky Unfair Claims Settlement Practices Act, and further denies for lack of knowledge the additional allegations contained in paragraph 98 of the Complaint.

63. BMIS denies the allegations contained in paragraphs 99 and 100 of the Complaint.

## SECOND AFFIRMATIVE DEFENSE

64. The Complaint fails to state a claim against this Defendant upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

65. Defendant states that the claims of the Plaintiff as stated in the Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

66. Defendant states that this Court lacks jurisdiction over it; that there has been an insufficiency of process; and that there has been an insufficiency of service of process.

## FIFTH AFFIRMATIVE DEFENSE

67. Plaintiff's claim for punitive damages is barred by the Eighth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

68. Plaintiff's damages, if any, were caused by an intervening, superseding and/or unforeseeable cause for which this Defendant bears no responsibility nor contractual liability.

### SEVENTH AFFIRMATIVE DEFENSE

69. Plaintiff's injuries and damages, if any, were caused by a third-party over whom this Defendant has no control.

### EIGHTH AFFIRMATIVE DEFENSE

70. Plaintiff has failed to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

71. In the event that any of the claims alleged in Plaintiff's Complaint have been separately settled, satisfied, compromised, or discharged, this answering Defendant is entitled to a set-off in the amount of any payment made in settling, satisfying, compromising, or discharging said claims.

### TENTH AFFIRMATIVE DEFENSE

72. Plaintiff has failed to attach a complete copy of the Policy(ies) at issue herein.

### ELEVENTH AFFIRMATIVE DEFENSE

73. Punitive damages have not been pled appropriately and specifically and should be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

74. As an affirmative defense, Defendant reiterates and incorporates into this Answer all affirmative defenses set forth in Civil Rules 12(B) and 8(C).

### THIRTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's Complaint is barred by Rule 9(A) of the Federal Rules of Civil Procedure.

### FOURTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's Complaint is barred by the express terms, conditions, and exclusions contained in the Insurance Policies.

### FIFTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff's Complaint is barred by the doctrine of waiver, laches, and/or accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

78. Defendant reserves the right to supplement or withdraw affirmative defenses as the evidence may reveal.

**WHEREFORE,** Brotherhood Mutual Insurance Services, LLC, having fully responded to the Complaint of Plaintiffs AIG and Crosswater, respectfully requests:

(1) that this court dismiss the Complaint, with prejudice, costs to Plaintiffs;

(2) any and all other and further relief which this Court deems just and proper.

RESPECTFULLY SUBMITTED,

*/s/ Joseph T. Mordino*
_____
JOSEPH T. MORDINO (#89588)
FAULKNER & TEPE LLP
720 Pete Rose Way, Suite 300
Cincinnati, Ohio 45202
Telephone: (513) 977-9003
Facsimile:  (513) 421-7502
Email: jmordino@faulkner-tepe.com
           jscott@faulkner-tepe.com
*Attorney for Defendant Brotherhood Mutual Insurance Services, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2022, the foregoing was filed electronically via the CM/ECF filing system which will serve all counsel of record.

*/s/ Joseph T. Mordino*
_____
JOSEPH T. MORDINO (#89588)
FAULKNER & TEPE LLP
720 Pete Rose Way, Suite 300
Cincinnati, Ohio 45202
Telephone: (513) 977-9003
Facsimile: (513) 421-7502
Email: jmordino@faulkner-tepe.com
          jscott@faulkner-tepe.com
*Attorneys for Defendant Brotherhood Mutual Insurance Services, LLC*